ANDERSON et al. v. POWELL et al.

No. 4897.

Court of Civil Appeals of Texas. Amarillo.

May 2, 1938.

Rehearing Denied May 30, 1938.

George L. Pilkington, of Chicago, Ill.; and Marvin H. Brown, of Fort Worth, for appellants.

Ernest May, of Fort Worth, for appellees.

FOLLEY, Justice.

This suit was instituted by plea of intervention in Cause No. 91039, in the 17th District Court of Tarrant County, styled Mack Watson v. Paul Vitek, in which cause, Ward Powell, one of the appellees herein, had been appointed Receiver. The interveners are E. B. Anderson and sixty-nine others, all of whom alleged that at the solicitation of Paul Vitek they had invested with Vitek the total sum of $104,000.00 upon his representation that he would sell to them Coleman and Winkler County oil royalties; that he represented such investment would net to them three per cent per month on their money; that Vitek, in promoting his oil interests, organized what he called the "Vitek Combined Oil Interests" and purchased and developed oil properties in Texas with the money furnished him and called himself "Trustee" of the oil properties which he held; that appellants (interveners) never received any evidence of any interests or royalties; that the appellee, Ward B. Powell took over the properties of Paul Vitek upon being appointed Receiver and successor Trustee to Vitek, now deceased, and that Powell was operating said properties, claiming full right and

title to the same and denying the appellants any interest in such; that Powell acquired as Receiver some of the properties of the receivership estate with the income from the properties purchased with appellants' money and from oil wells drilled with appellants' money, and more particularly was the Eaton Lease, the principal property herein involved, obtained by appellants' funds; and prayed that under these facts the trial court declare a resulting trust and a constructive trust to exist in and to the receivership estate oil properties, and especially the Eaton Lease, in favor of the appellants.

The defendant Receiver answered that the appellants had, during the lifetime of Paul Vitek, purchased from Vitek oil royalties in Coleman and Winkler Counties; that thereafter some of said royalty interests were exchanged for shares in "Vitek Combined Oil Interests"; that none of the appellants, until the filing of their intervention, made any claim for any shares in "Combined Oil Interests", and further pleaded the two and four year statutes of limitation, Vernon's Ann.Civ.St. arts. 5526, 5529, and asserted he had become an innocent purchaser of the shares and properties of the "Vitek Combined Oil Interests."

The intervention was referred by the trial court to a special Master in Chancery, who, after hearing the evidence of all parties, made his findings and conclusions and recommendations to the trial court in favor of the appellees, to all of which the appellants excepted in writing.

The trial court then heard the report of the special master, the evidence produced before the special master, together with additional evidence introduced by the parties, approved the findings and recommendations of the special master, and entered judgment against the appellants, from which judgment the appellants have appealed to this court.

The appellants assign as error the failure of the court to declare a constructive or resulting trust in their favor against the appellee Powell in all the receivership property, and that the trial court further erred in not adjudging to the appellants at least the Coleman and Winkler royalties.

The trial court filed the following Findings of Fact and Conclusions of Law:

### "Findings of Fact

"1. In 1928 and thereafter Paul Vitek, now deceased, was an oil promoter operating out of the City of Fort Worth. He had employed B. A. Wherry, of Chicago, Illinois, as a salesman. Acting for Vitek, Wherry sold or agreed in Vitek's behalf to sell to the various interveners in this proceedings royalty interests in Coleman and Winkler Counties. In some instances, as shown by the record made before the Master in Chancery, royalty deeds were executed by Vitek, pursuant to Wherry's agreement, and the deeds were delivered to the purchasers. Such royalty deeds are shown to have been delivered to Mrs. Joseph M. Coffey, E. F. Rhode, Nonie Mountain, S. H. Lacock, Agnes J. O'Brien, J. P. Stroth, A. R. Clugston, F. S. Fries, Mrs. Mary E. Sullivan, John F. Schultz, Mrs. Sophie Heer Schults, R. S. Hastings, A. M. Hunter, L. M. Hunter, E. F. Heer, Dr. G. B. Anderson and A. E. Conn. There is no showing that royalty deeds were delivered to any of the other interveners, except B. A. Wherry, who received a number of such deeds.

"2. For these royalties, which were oil and gas royalties in land in the above named counties, in the State of Texas, the Interveners paid the aggregate sum of approximately $104,000.00.

"3. Vitek at different times in the last several years of his life promoted various oil companies, and late in 1930 he began the promotion of Vitek Combined Oil Interests. He offered to all the shareholders of his former companies certificates of Vitek Combined Oil Interests upon the basis of the surrender of the old Company's certificate and an additional amount in cash. There is no showing, however, that any sort of general offer was made to people who had bought royalty interests from or through Vitek. The various interveners here do not claim that any such offer was made or accepted by them.

"4. At the time of the sale by Wherry to the respective interveners, there was no discussion of Vitek Combined Oil Interests, or any company to be organized in the future by Paul Vitek, but each transaction involved merely royalty interests in Coleman or Winkler County. Neither did any of the interveners subsequently agree with Vitek, nor anybody on his behalf, to accept shares of Vitek Combined Oil Interests for the Winkler or Coleman County royalty originally promised them.

"5. None of the Interveners made any showing that W. B. Powell, Receiver, had in his custody any particular royalty inter-

est belonging to the respective interveners, or had collected income particularly, which should have gone to such respective interveners.

"Conclusions of Law.

"1. The Interveners have shown no right to shares of Vitek Combined Oil Interests.

"2. While particular interveners may have a just claim to royalty interests in Winkler and Coleman Counties, which were in the custody of the Receiver at the time of the trial and from which he had derived a small income during the course of receivership, the evidence was not such, even had there been pleadings to sustain a decree affecting such royalty interests, as to enable the Court to make such decree.

"[Signed]   F. P. Culver, Jr., Judge."

It is our opinion that the evidence amply supports the above findings and conclusions of the trial court. The appellants did not prove that Vitek had obtained their money upon any promise to issue certificates of interest in the Combined Company. The proof is evident that the appellant Wherry sold to the other appellants only some fractional royalty interests in Coleman and Winkler County lands. Long after the sales made by Wherry the appellants were demanding of Vitek their royalty deeds. At such time none of them ever claimed any interest in any other properties of Vitek. The Eaton Lease was purchased by Vitek in January, 1931. At the time of Vitek's death, five oil wells had been drilled on this property. The appellants alleged, but failed to prove, that part of the $104,000.00 they had paid Vitek for Coleman and Winkler royalties was used for drilling some of these wells. In the state of the record we do not deem it necessary to discuss at length the testimony in this case. We think it sufficient to say that the testimony fully warranted the action of the trial court, and we overrule these assignments.

By another assignment, the appellants assert the court erred in finding that the appellants had paid to Vitek the sum of $104,000.00 when the proof showed they had paid him the sum of $119,000.00. In the pleadings of the appellants they allege only the amount of $104,000.00 was paid by them to Vitek. Moreover, the effect of this assignment resolves itself into the complaint that the court erred in not finding against the appellants $15,000.00 more than he did find against them. In view of the adverse finding to appellants' claim of a trust, we think the amount of money involved becomes immaterial.

Finding no reversible error in the record, the judgment is affirmed.